UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

EILEEN STOEHR, ET AL., :
    plaintiff, :

VS. : Civil No.: 303CV00988 (RNC)

UNITED INDUSTRIES CORPORATION :
    Defendant. : MAY 24, 2004

**MOTION NUNC PRO TUNC FOR PERMISSION
TO PRODUCE PORTIONS OF EXPERT REPORT OUT OF TIME
AND FOR FURTHER RELIEF**

The plaintiff moves for permission, *nunc pro tunc*, to produce to the defendant portions of the expert reports of her two treating physicians. The portions that were not timely disclosed include the qualifications of the expert, the compensation to be paid for the study and testimony, and a listing of any other cases in which the witnesses have testified within the past four years (although there are no such cases for either witness), as well as reference to one fact. The facts concerning this motion are as follows:

    1. The Court's Order Regarding Case Management Plan required the plaintiff to disclose expert reports by April 19, 2004.

    2. On January 6, 2004, the plaintiff disclosed medical reports from two treating physicians, Donald Greene, M.D. and Suguru Imaeda, M.D.

    3. Thereafter, plaintiff's counsel and defendant's counsel, Allison Wood, discussed the understanding – at least of plaintiff's counsel – that no further disclosure was required by Rule 26 with regard to treating physicians, and on April 29 plaintiff's counsel sent Ms. Wood a letter confirming that understanding. On May 6, 2004, Ms. Wood wrote to point out that she had been alerted to the fact that the Court's Order required 26(a)(2)(B) reports from treating physicians.

Plaintiff's counsel had overlooked that provision, even though it is right on the front of the Order.

    4. Since that time, plaintiff's counsel has contacted the treating physicians (in one case; the physician's office in the other case) and obtained additional information required by Rule 26(a)(2)(B), namely the qualifications of the expert, the compensation to be paid for the study and testimony, and notification that neither of the witnesses has testified within the past four years. Counsel is transmitting that information to the defendant herewith and is working to obtain the information in the form required by Rule 26 (i.e., signed by the witness).

    5. Defendant's counsel *does not consent* to the granting of this motion. Defendant's counsel has indicated, first, that plaintiff's counsel delayed unduly in responding to the May 6 letter from defendant's counsel. Second, defendant's counsel has indicated that as a substantive matter the defendant does not agree that the medical reports satisfy the requirements of Rule 26(a)(2)(B).

    6. Copies of the reports are attached to this motion. The report of Dr. Greene is attached as Exhibit 1; the reports of Dr. Imaeda are attached as Exhibit 2. In plaintiff's view, the reports set forth the substantive information required by the Rule. The only additional fact that plaintiff would provide from the experts is that it is known and documented in the relevant medical literature that diethyltoluamide, an active ingredient in the subject product, is known to cause contact dermatitis, the injury the plaintiff sustained.

    7. The granting of this motion would require modification of the deadlines fixed by the Court, since the deadline for deposing plaintiff's experts was May 19, 2004. In the event that the Court allows the defendant an opportunity to depose the doctors, in view of the plaintiff's delay in making disclosure (and that would be only fair), good cause exists for the granting of this

motion in that the defendant will not be prejudiced by the failure to provide the remaining information required by the Rule and has had the name of the physicians and almost all the substance of their proposed testimony since well before the deadline for providing expert reports.

     Accordingly, the plaintiff requests the Court to grant an extension to and including June 4, 2004 to provide the remainder of the information required by Rule 26(a)(2)(B) in the form required by the Rule.

THE PLAINTIFF

By_____
David N. Rosen
400 Orange Street
New Haven, Connecticut 06511
(203) 787-3513
CT00196
E-mail: drosen@davidrosenlaw.com
Her Attorney

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was mailed, first class, postage prepaid on May 24, 2004 to:

Louis Laderman
United Industries, Corporation
2150 Schuetz Road
St. Louis, MO   63146

David A. Reif, Esquire
Allison Wood, Esquire
McCarter & English, LLP
CityPlace I, 185 Asylum Street
Hartford, CT   06103

                                                David N. Rosen