## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| EILEEN STOEHR and FREDERICK STOEHR, | ) )  ) |
| Plaintiffs, | ) CIVIL ACTION NO. |
| v. | ) 303CV00988 (RNC) |
| | ) |
| UNITED INDUSTRIES CORPORATION, | ) |
| | ) |
| | ) JUNE 17, 2004 |
| Defendant. | ) |

### UNITED INDUSTRIES' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant United Industries Corp. files this Memorandum in Support of its contemporaneously filed Motion for Summary Judgment.

### INTRODUCTION

United manufactures an EPA-registered pesticide called Cutter Insect Repellent with SPF 15 sunscreen ("Cutter"). Plaintiffs allege that, after applying Cutter, Eileen Stoehr suffered a skin reaction. Plaintiffs allege that the warnings on the pesticide were inadequate. Plaintiffs have not pursued a design defect or manufacturing defect claim, and the warnings claim that Plaintiffs are pursuing is preempted by the Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA"), 7 U.S.C.

136v(b).    Summary judgment is therefore appropriate on

Plaintiffs' claim.

## STATEMENT OF FACTS

Defendant United Industries Corporation, is the

manufacturer of a pesticide called Cutter Insect Repellant with

SPF 15 sunscreen.    (Exhibit C to Local Rule 56(a)1 Statement

attached hereto as Exhibit 1).    Cutter Insect Repellant with SPF

15 sunscreen was registered with the Environmental Protection

Agency ("EPA"), under the Federal Insecticide, Fungicide, and

Rodenticide Act ("FIFRA"), 7 U.S.C. 136-136y, pesticide

registration number 121-81.    (Id.).    Pursuant to that

registration, the EPA required specific label language for

Cutter Insect Repellant with SPF 15 sunscreen. (Id.).    A copy of

the EPA-accepted label in effect in May, 2000, is attached to

Exhibit 1.

Plaintiffs allege that in May, 2000, after applying Cutter,

Eileen Stoehr suffered a skin reaction.    (Exhibit A to Local

Rule 56(a)1 Statement, attached hereto as Exhibit 1).    Following

the alleged incident, plaintiffs' filed suit against United

alleging the label of Cutter Insect Repellant with SPF 15

sunscreen failed to warn of potential adverse reactions. (Exhibits A & B to Local Rule 56(a)1 Statement, attached hereto as Exhibit 1). The warnings, however, were in a form mandated by the EPA (Exhibit C to Local Rule 56(a)1 Statement attached hereto as Exhibit 1), thus, plaintiffs' claims are preempted by FIFRA. Therefore, United moves for summary judgment, and submits this memorandum of law in support of its motion.

## ARGUMENT

Summary judgment is appropriate because plaintiffs' complaint and interrogatory answers show that there is no genuine issue of material of fact, and that United is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Plaintiffs are unable to "set forth specific facts showing that there is a genuine issue for trial" as required to defeat this summary judgment motion. FED. R. CIV. P. 56(e). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Summary judgment is appropriate when claims are preempted by

FIFRA.  *See Hawkins v. Leslie's Pool Mart, Inc.*, 184 F.3d 244
(3rd Cir. 1999).

## 1. __FIFRA Preempts Claims Challenging the Labeling of Cutter__

The Supremacy Clause of the Constitution provides that the
laws of the United States "shall be the supreme Law of the Land;
. . . any Thing in the Constitution or Laws of any state to the
Contrary notwithstanding."  U.S. CONST. art. VI, cl. 2.  As a
result, state laws that conflict with federal laws are
preempted; they are "without effect."  *Maryland v. Louisiana*,
451 U.S. 725, 746 (1981).  The determination of whether a
federal law preempts a state law turns on the issue of
Congressional intent.  *Cipollone v. Liggett Group, Inc.*, 505
U.S. 504, 516 (1992)("the purpose of Congress is the ultimate
touchstone of pre-emption analysis")(citations and internal
quotation marks omitted).

FIFRA is the federal law that governs the registration,
labeling, and sale of pesticides.  It "creates a comprehensive

regulatory scheme for pesticide and herbicide labeling." *Andrus*

*v. Agrevo USA Co.*, 178 F.3d 395, 398 (5th Cir. 1999).

> Under [FIFRA's] provisions, all herbicides sold in the
> United States must be registered with the
> Environmental Protection Agency (EPA). . . . FIFRA
> also establishes a complex process of EPA review that
> culminates in the approval of the label under which
> the product is to be marketed. . . . A pesticide
> manufacturer must submit a "statement of all claims to
> be made for" the herbicide as well as directions for
> its use, its ingredients, and its adverse effects. . .
> . The EPA then registers the herbicide if it
> determines that its composition is such as to warrant
> the proposed claims for it . . . .

*Id.* Moreover,

> A review of what FIFRA does require reveals the
> establishment of an involved process of review by the
> EPA, culminating in approval of the label under which
> a product may be marketed. FIFRA requires
> manufacturers to submit draft language addressing a
> number of different topics, including ingredients,
> directions for use, and adverse effects of the
> products. 7 U.S.C. § 136a(c); 40 C.F.R. § 152.50 &
> pt. 156. A final label must be submitted to the EPA
> prior to registration. 40 C.F.R. §
> 156.10(a)(6).

*Worm v. American Cyanamid Co.*, 5 F.3d 744, 747 (4th Cir. 1993).

Pesticide registrants who submit draft pesticide labels for

approval are guided in the creation of these labels by specific

regulations. 40 C.F.R. § 156.10.

FIFRA also includes an express preemption provision: "[A] State shall not impose or continue in effect any requirements for labeling or packaging in addition to or different from those required under this subchapter." 7 U.S.C. § 136v(b). The language of FIFRA § 136v(b) "clearly indicates that Congress intended that the federal act preempt conflicting state law, including state common law tort claims." *MacDonald v. Monsanto Co.*, 27 F.3d 1021, 1024 (5th Cir. 1994).

Federal case law has made it clear that § 136v(b) preempts state common law tort claims based upon a failure to adequately label or warn. *See Hawkins v. Leslie's Pool Mart, Inc.*, *supra*; *Taylor AG Industries v. Pure-Gro*, 54 F.3d 555 (9th Cir. 1995); *Welchert v. American Cyanamid, Inc.*, 59 F.3d 69 (8th Cir. 1995); *MacDonald v. Monsanto Co.*, *supra*; *Worm v. American Cyanamid* Co., 5 F.3d 744 (4th Cir. 1993); *King v. E.I. Dupont De Nemours and Co.*, 996 F.2d 1346 (1st Cir. 1993); *Shaw v. Dow Brands, Inc.*, 994 F.3d 364 (7th Cir. 1993); *Papas v. Upjohn Co.*, 985 F.2d 516 (11th Cir. 1993); *Arkansas-Platte v. Gulf Partnership v. Van Waters & Rogers, Inc.*, 981 F.2d 1177 (10th Cir. 1993). Connecticut case law has also recognized the preemptive effects

of FIFRA on labeling claims under Connecticut law.  *See Graves v. Metrex Research Corp.*, No. CV91 505710, 1995 Conn. Super. LEXIS 2002 (Conn. Super. Ct. Hartford July 6, 1995)(granting summary judgment for product seller on the ground that the plaintiffs' product liability claim was preempted by FIFRA).

Thus, to the extent that the Plaintiffs' claims challenge the labeling of Cutter -the Plaintiffs' claims are preempted. *See Cippollone*, 505 U.S. at 524.

2. **Plaintiffs' Lawsuit is Based upon a Challenge of the Labeling of Cutter**

In their complaint, Plaintiffs allege United is liable under the theories of negligence, strict liability, and breach of warranty.  See Exhibit A to Local Rule 56(a)1 Statement, Complaint, ¶ 3.  In substance, Plaintiffs challenge the labeling of Cutter and the design, testing, inspection, and manufacture of the product.  *Id.*  But the non-warnings allegations are conclusory, and Plaintiffs have pursued only their warnings claim.

Plaintiffs' interrogatory answers, quoted below, illustrate that the Plaintiffs' claims challenge only the labeling of Cutter.

4.   Do you claim that the product was improperly designed?  If so, explain how it was improperly designed.

**ANSWER:**   Unknown pending discovery.


5.   Do you claim that the product had inadequate warnings or instructions?  If so, explain how the warnings or instructions were inadequate and what warnings or instructions the product should have had.

**ANSWER:**   Yes, product does not disclose risk of adverse reactions.

6.   Do you claim that the product had a manufacturing defect?  If so, explain how the inspection was improper.

**ANSWER:**   Unknown pending discovery.

7.   Do you claim the product was improperly inspected?  If so, explain how the inspection was improper.

**ANSWER:**   Unknown pending discovery.

8.    Do you claim the product breached an express warranty or an implied warranty of merchantability or fitness?  If so, please explain how the product breached the warranty.

**ANSWER:**    Yes, product lacked warnings.  Other breaches unknown pending discovery.

These interrogatory answers demonstrate that Plaintiffs' case is based upon a challenge to the labeling of Cutter – not its design, testing, inspection, or manufacture.  Moreover, Plaintiffs' failure to serve discovery requests upon United demonstrate a lack of interest in developing any theory other than warnings.

As was the subject of a recent telephone hearing in this matter, Plaintiffs sought and obtained leave to complete an expert witness disclosure out of time.  But this disclosure related solely to medical issues, injury and medical causation, and did not establish a non-labeling liability theory.  (See Exhibit D to Local Rule 56(a)1 Statement, attached hereto as Exhibit1.)

The fact that Plaintiffs' assert their claims under the legal theories of negligence, strict liability, and breach of

warranty does not change the analysis.  Regardless of the legal theory, Plaintiffs' claims are preempted by FIFRA.  *See e.g.*, *Hawkins*, 184 F.3d 244, (negligence); *Worm*, 5 F.3d 744, (negligence and breach of warranty); *Andrus*, 178 F.3d 395, (breach of warranty); *Taylor*, 54 F.3d 555, (strict liability, negligence, and breach of warranty).  As a result, Plaintiffs' entire lawsuit is preempted by FIFRA.

**CONCLUSION**

Because Plaintiffs' claims are based upon challenges to United's EPA-registered pesticide labeling, their claims are preempted by FIFRA and summary judgment should be entered for United Industries.

The Defendant
United Industries Corporation
By McCarter & English, LLC
Its Attorneys

David A. Reif   (CT#00244)
Allison A. Wood (CT#23257)
Cityplace I
185 Asylum Street, 36th Floor
Hartford, CT 06103
(860) 275-6700
(860) 724-3397 (fax)
dreif@mccarter.com
awood@mccarter.com

and

Dudley W. Vonholt
Thompson Coburn LLP
One U.S. Bank Plaza
St. Louis, Missouri 63101
(314) 552-6000
(313) 552-7000 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been mailed, first class mail postage prepaid, this 17th day of June, 2004 to

David N. Rosen
400 Orange Street
New Haven, Connecticut 06511

_____
Allison A. Wood

HARTFORD: 617264.01

Return Date:    June 24, 2003

DEFENDANT'S
EXHIBIT
A
PENGAD 800-631-6989

EILEEN STOEHR and
FREDERICK STOEHR                    :    SUPERIOR COURT

VS.                                 :    JUDICIAL DISTRICT OF NEW HAVEN
                                    :    AT NEW HAVEN

UNITED INDUSTRIES                   :    MAY 5, 2003
  CORPORATION


## COMPLAINT

**First Count:**    **Eileen Stoehr v. United Industries Corp. for product liability pursuant to
Section 52-572m et seq. of the General Statutes.**

1. On or about May 6, 2000, Eileen Stoehr used a Cutter's Insect Repellent with SPF 15
sunscreen (hereinafter "the product"), a product manufactured, sold or distributed by the
defendant.

2. On the same date, after applying the product and as a result of the dangerous and
defective nature of the product, Eileen Stoehr suffered serious painful and permanent injuries,
including but not limited to blisters, a rash, fever, chills, permanent changes in skin color and
permanent skin sensitivity.

3. The defendant caused Eileen Stoehr's injuries in that it:

a. was negligent in one or more of the following ways:

    i. failed to properly design the product;

    ii. failed to properly test the product;

    iii. sold the product without proper warnings and instructions;

    iv.  failed to properly inspect the product;

    v.  failed to properly manufacture the product;

  b.  breached an implied warranty of merchantability;

  c.  breached an express warranty of merchantability; and

  d.  is strictly liable to the plaintiff.

  4.  As a result of her injuries, Eileen Stoehr has lost and in the future may lose the opportunity to enjoy life's activities.

  5.  As a further result of Eileen Stoehr's injuries, she was forced to incur expenses for medical care and treatment and may incur further expenses in the future.

**Second Count:**  **Frederick Stoehr v. United Industries Corp. for loss of consortium**

  1-5. Paragraphs 1-5 of the first count are hereby incorporated by reference as paragraphs 1-5 of this Second Count.

  6.  As a further result of Eileen Stoehr's injuries her husband, plaintiff Frederick Stoehr has lost and in the future may continue to lose the care and companionship of his wife the plaintiff Eileen Stoehr.

THE PLAINTIFFS


By _____
David N. Rosen
400 Orange Street
New Haven, Connecticut 06511
(203) 787-3513
Juris No.: 51235

**WHEREFORE,** the plaintiffs claim compensatory damages in excess of the sum of FIFTEEN THOUSAND ($15,000.00) DOLLARS exclusive of interest and costs.

DEFENDANT'S
EXHIBIT
_B_

PENGAD 800-631-6989

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

EILEEN STOEHR and FREDERICK          )
STOEHR,                              )
                                     )
                     Plaintiffs,     )    CIVIL ACTION NO.
        v.                           )    303CV00988 (RNC)
                                     )
UNITED INDUSTRIES CORPORATION,       )
                                     )
                     Defendant.      )    January 6, 2004

### PLAINTIFF EILEEN STOEHR'S RESPONSE TO DEFENDANT UNITED INDUSTRIES CORP.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant, United Industries Corp., propound the following interrogatories to be answered by Plaintiff within 30 days.

### INTERROGATORIES

1.    State your full name, social security number, date of birth, place of birth, marital status, your current home address, and any other home addresses you have maintained in the past 20 years.

ANSWER: Eileen Anne Stoehr, March 15, 1949, Born: New Haven, CT, Married, 99 County Road, Guilford, CT  06437 for 29 years.

2.    Identify the specific product which you contend caused the injury described in your Complaint, including any numbers or letters on the bottom of the can, and identify the current location of this product.

   ANSWER:  Cutter Insect Repellant with SPF 15 Sun-Screen.


3.    Describe the accident that caused your injury, including the manner in which it occurred and any resulting damages.

   ANSWER:  Applied product to arms and legs.  Approximately one hour later, arms and legs were raw and blistered, irritated, itching and burning with rash, fever and chills, permanent changes in skin color and sensitivity.  I continue to suffer from pain and discomfort due to damaged nerve endings.  I cannot tolerate or expose my skin to sun or heat.

4.    Do you claim that the product was improperly designed?  If so, explain how it was improperly designed.

   ANSWER:  Unknown pending discovery.

5.   Do you claim that the product had inadequate warnings or
     instructions?  If so, explain how the warnings or
     instructions were inadequate and what warnings or
     instructions the product should have had.

         **ANSWER:  Yes, product does not disclose risk of adverse
reactions.**

6.   Do you claim that the product had a manufacturing defect?
     If so, explain what the manufacturing defect was.

         **ANSWER:   Unknown pending discovery.**

7.   Do you claim the product was improperly inspected?  If so,
     explain how the inspection was improper.

         **ANSWER:   Unknown pending discovery.**


8.   Do you claim the product breached an express warranty or an
     implied warranty of merchantability or fitness?  If so,
     please explain how the product breached the warranty.

         **ANSWER:  Yes, product lacked warnings.   Other breaches
unknown pending discovery.**

9.    If there are any other bases for your claim other than as
      described in answer to interrogatories 4 through 8, please
      explain the other bases.

          **ANSWER:  Not applicable.**


10.   Identify the witnesses that support your claim that the
      product a) was improperly designed; b) had inadequate
      warnings or instructions; c) had a manufacturing defect; d)
      was improperly tested; e) was not properly inspected; f)
      breached the implied warranty of merchantability or
      fitness; g) breached an express warranty; and h) had some
      other condition or bases for your claim.

          **ANSWER:  Plaintiff and treating physicians.**


11.   If you claim that the product was improperly designed,
      describe the alternative safer design which you contend
      should have been used.

          **ANSWER:  Unknown pending discovery.**

12.   If you claim that Defendant United Industries Corp. was
      negligent or guilty of any misconduct causing your injuries
      which is not described above, then please specifically
      describe that negligence or misconduct.

      **ANSWER:**  Failure to warn of potential adverse reactions,
other negligence or other misconduct unknown pending discovery.

13.   Please specify each injury, loss, or expense for which you
      are seeking compensation in this case and the amount of
      compensation you seek.

      **ANSWER:**  Arms and legs were blistered and irritated,
causing itching and burning with rash, fever and chills, permanent
changes in skin color and sensitivity.  I continue to suffer from pain
and discomfort due to damaged nerve endings.  I cannot tolerate or
expose my skin to sun or heat.  Medical bills attached.  I request
fair, just and reasonable compensation in an amount to be determined
by the jury.

14.   Describe how you calculated the compensation amounts
      specified in your answer to Interrogatory No. 13, and
      identify all documents and witnesses that support these
      calculations.

            **ANSWER:**  Medical bills are attached.  Otherwise, not
applicable.


15.   Please identify each physician or other medical
      professional who has examined or treated you in connection
      with any injury specified in your answer to Interrogatory
      No. 13, and in connection with any other injury during the
      past ten (10) years, indicating the date, place, and nature
      of such services or medication; and identify all documents
      which relate or refer to same.

            **ANSWER:**  Medical listing attached.

16.   State the name and address of each hospital, clinic or
      other facility where you were examined or received
      treatment of any of the injuries identified in answer to
      Interrogatory No. 13, and identify all documents which
      relate or refer to that examination or treatment.

          **ANSWER:** **Medical listing attached.**


17.   Has any physician reached an opinion that your alleged
      injuries were caused by the product at issue in this case?
      If so, identify the physician.

          **ANSWER:**  **See attached medical reports.**


18.   If you have ever been convicted of or pled guilty to a
      felony, then state the crime, the date of the conviction,
      the court entering the judgment, and the sentence imposed.

          **ANSWER:**  **No.**


19.   If you have received any payment from any person as a
      result of the damages or losses referred to in your
      Complaint, please state the date and amount, name of payor,

damage items being reimbursed, and describe all documents

which relate or refer to the payment.

**ANSWER:** Not applicable.

20. For each person who may have knowledge of relevant facts

concerning this case, please state his or her name,

address, phone number, employer, position, and the facts

about which he or she may have knowledge.

**ANSWER:** My husband, Frederick Stoehr, 99 County Road,

Guilford, CT 06437 - 203-457-1935 - 1) putting on the cream; 2)

emergence of the rash; 3) initial medical treatment; 4) follow-up

medical treatment; and 5) the impact of my injuries on me.

Owners of Terra Cotta Inn (where we were staying on

vacation), 2388 East Racquet Club Road, Palm Springs, CA 92262

witnessed the raw and blistered skin and red rash on my arms and legs.

21. Are you or your attorneys aware of any statements made by

any party, its employees or representatives, or by persons

who claim to have knowledge of the subject matter of this

litigation?  If so, identify the statement, the date of the statement, the location of the statement, and the person who gave the statement.

**ANSWER:**  No.

22.  Do you contend that Defendant United Industries Corp. violated any relevant state, federal or local laws or rules, regulations, or guidance requirements, or failed to comply with any relevant standards or trade or industry group recommendations?  If so, identify the law, rule, regulation, guidance requirements, standard, or trade or industry group recommendations and how it was violated.

**ANSWER:**  Unknown.

23.  Identify any complaints made by you or others concerning
     the product or the incident referred to in your lawsuit,
     including the names and addresses of each such person who
     made and received each such complaint, and the date of
     same, and identify all documents which relate to each such
     complaint.

     **ANSWER:**  Telephone communication between Attorney Rosen and
Attorney Laderman on May 29, 2003.  Follow-up correspondence dated May
29, June 19 and June 26, 2003 attached.

24.  Do you contend that Defendant United Industries Corp. is
     liable to you for punitive or exemplary damages?  If so,
     state in full and complete detail the basis for your claim.

     **ANSWER:**  Unknown pending discovery.

25.  Are you aware of any incident which occurred under
     circumstances identical or substantially similar to the
     incident mentioned in your Complaint?  If so, provide all
     known details for each such incident, including contact
     information for the people involved.

     **ANSWER:**  No.

I have read the foregoing questions and answers and swear that they are true and accurate to the best of my knowledge and belief.

_Eileen Stoehr_

Eileen Stoehr

Subscribed and sworn to before me this 6ᵗʰ day of January, 2004.

MARY ELIZABETH BOWERMAN
**NOTARY PUBLIC**
MY COMMISSION EXPIRES AUG. 31, 2006

Notary Public
~~Commissioner of the Superior Court~~

THE PLAINTIFFS,

By_____

David N. Rosen (CT 000196)
Rosen & Dolan, PC
400 Orange Street
New Haven, CT 06511
(203) 787-3513
david.rosen@rosendolan.com

2210152                          - 11 -

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been faxed and mailed, postage prepaid, this 6th day of January, 2004 to:

David A. Reif, Esq.
Allison A. Wood, Esquire
Cummings & Lockwood, LLC
700 State Street
New Haven, CT 06511

_____
David N. Rosen

DEFENDANT'S
EXHIBIT

C

PENGAD 800-631-6989

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

EILEEN STOEHR and FREDERICK STOEHR,    )
    )
    )
      Plaintiffs,    )    CIVIL ACTION NO.
    v.    )    303CV00988 (RNC)
    )
UNITED INDUSTRIES CORPORATION,    )
    )
      Defendant.    )

### AFFIDAVIT OF WILLIAM H. METZGER

WILLIAM H. METZGER, being of lawful age, hereby certifies the following:

1.      I am Vice President of Regulatory Affairs at United Industries Corporation ("United Industries"). In this capacity, I am responsible for assuring that products manufactured by United Industries and its divisions are registered with state and federal agencies, such as the Environmental Protection Agency ("EPA").

2.      United Industries manufactures a pesticide known as Cutter Insect Repellent with SPF 15 sunscreen.

3.      Cutter Insect Repellent with SPF 15 sunscreen was registered with the EPA under the Federal Insecticide, Fungicide, and Rodenticide Act, pesticide registration number 121-81. Pursuant to that registration, the EPA required specific label language for this product.

4.      From the time it was first sold through the date of this accident in May, 2000, the Cutter Insect Repellent with SPF 15 sunscreen bore the specific label language required and approved by the EPA.

5.      A copy of the EPA-accepted label in effect as of May, 2000 is attached as Exhibit 1 to this affidavit.

2337936

STATE OF MISSOURI )

COUNTY OF ST. LOUIS )

)SS

)

FURTHER AFFIANT SAYETH NOT.

_William H. Metzger_

William H. Metzger, Affiant

Subscribed and sworn to before me this _15th_ day of June, 2004.

_Renata Miller_

Notary Public

My Commission Expires:

RENATA MILLER
Notary Public — Notary Seal
STATE OF MISSOURI
St Louis County
My Commission Expires: Aug. 29, 2006



U.S. ENVIRONMENTAL PROTECTION AGENCY
Office of Pesticide Programs
Registration Division (H7505C)
401 "M" St., S.W.
Washington, D.C. 20460

| | |
|---|---|
| EPA Reg. Number: 121-81 | Date of Issuance: SEP 10 1997 |

**NOTICE OF PESTICIDE:**
X   Registration
_____ Reregistration

(under FIFRA, as amended)

| Term of Issuance: Conditional |
|---|

| Name of Pesticide Product: Cutter Insect Repellent RDD 003RL |
|---|

Name and Address of Registrant (include ZIP Code):

Spectrum
Div. Of United Industries Corp
P.O. Box 15842
St. Louis, MO 63114

PEN/GAD 800-631-6989    **DEFENDANT'S EXHIBIT** __1__

Note: Changes in labeling differing in substance from that accepted in connection with this registration must be submitted to and accepted by the Registration Division prior to use of the label in commerce. In any correspondence on this product always refer to the above EPA registration number.

On the basis of information furnished by the registrant, the above named pesticide is hereby registered/reregistered under the Federal Insecticide, Fungicide and Rodenticide Act.

Registration is in no way to be construed as an endorsement or recommendation of this product by the Agency. In order to protect health and the environment, the Administrator, on his motion, may at any time suspend or cancel the registration of a pesticide in accordance with the Act. The acceptance of any name in connection with the registration of a product under this Act is not to be construed as giving the registrant a right to exclusive use of the name or to its use if it has been covered by others.

     This product is conditionally registered in accordance with FIFRA sec. 3(c)(7)(A) provided that you:

    1.  Submit and/or cite all data required for registration/reregistration of your product under FIFRA sec. 3(c)(5) when the Agency requires all registrants of similar products to submit such data; and submit acceptable responses required for reregistration of your product under FIFRA section 4.

    2.  Change the label by revising the EPA Registration Number to read, "EPA Reg. No. 121-81".

    3.  Submit two copies of the revised final printed label for the record.

    If these conditions are not complied with, the registration will be subject to cancellation in accordance with FIFRA sec. 6(e). Your release for shipment of the product constitutes acceptance of these conditions.

    A stamped copy of the label is enclosed for your records.

| Signature of Approving Official: *for* Marion J. Johnson, Jr. | Date: *September 10, 1997* |
|---|---|

EPA Form 8570-6

Cutter® Insect Repellent RDD 003RL

EPA Reg. No. 121-

FN: M003RL

6/23/97



## INSECT REPELLENT
### RDD 003RL

[Pleasant, Effective Protection from Mosquitoes, Ticks, Gnats, Biting Flies, Chiggers, Fleas and No-See-Ums • Makes You Invisible to Bugs and Protects You from the Sun • With Sunscreen • SPF 15 • Waterproof • Contains Vitamin E • Contains Aloe Vera]

Active Ingredients:
N,N-Diethyl-meta-toluamide ............................... 6.65%
Other Isomers ............................................. 0.35%
Inert Ingredients ........................................ 93.00%

KEEP OUT OF REACH OF CHILDREN
CAUTION Read cautions on back

NET WT. 3 OZ./85

[Not greasy or oily • With aloe vera • With Vitamin E • Effective, dependable protection • Clean, fresh scent • Repels biting insects for hours • Soft on skin, tough on bugs • Leaves skin feeling soft and smooth • Moisturizes skin • Moisturizes with aloe vera and vitamin E • Feels great on you, tough on bugs too • Soft on skin because it contains skin conditioners like aloe vera • Contains skin conditioners like soothing aloe vera and vitamin E • Waterproof • Retains its sun protection for at least 80 minutes in the water • Resists perspiring (sweating) • Sweat (perspiration) resistant • Makes you invisible to bugs]

*Now there's pleasant protection against biting insects and sunburn. Cutter 3-in-1 Lotion:*

1. *INSECT REPELLENT: Repels mosquitoes, ticks, biting flies, gnats, chiggers, fleas and no-see-ums for hours.*
2. *SPF15 SUNSCREEN: PABA-free protection gives you 15 times longer sun exposure without sunburn. Protects against both UVA and UVB rays. Plus, it's waterproof so it retains its sun protection for at least 80 minutes in the water.*
3. *SKIN CONDITIONER: Contains Aloe Vera and Vitamin E skin conditioners that moisturize and leave skin feeling smooth and soft.*

*New Cutter Insect Repellent RDD 003RL... for 3-in-1 protection that leaves skin feeling and smelling great!*

*NOW ... pleasant protection that's available for hours! Feels great on you, tough on bugs too. This product is specially formulated to repel mosquitoes, ticks, biting flies, gnats, chiggers, fleas, and no-see-ums for hours. The moisturizing lotion offers pleasant protection that's never greasy or oily, and the fresh, clean scent won't leave you smelling like a bug repellent.*

Active Sunscreen Ingredients:
Octyl methoxycinnamate ................................. 7.5%
Oxybenzone ............................................. 5.0%

ACCEPTED
with COMMENTS
In EPA Letter Dated

SEP 10 1997

Under the Federal Insecticide,
Fungicide, and Rodenticide Act
as amended, for the pesticide
registered under EPA Reg. No.
121-2

STOP. READ ALL DIRECTIONS BEFORE USING THIS PRODUCT

**DIRECTIONS FOR USE:** It is a violation of Federal law to use this product in a manner inconsistent with its labeling. Adults and children 6 months of age and over: Spread evenly and completely over exposed skin before sun exposure. For face, dispense into hand and then spread on face and neck. To apply to clothing, put a small amount in palm of hand, rub palms together and then spread on clothing. Do not apply to skin under clothing or the hands of young children. Do not apply over cuts, wounds or irritated skin. Do not apply to eyes and mouth. Excessive or frequent application is unnecessary. Reapply after swimming, excessive perspiring or anytime after towel drying. Wash treated skin after returning indoors. May cause skin reactions in rare cases. If you suspect you or your child is reacting to this product, wash treated skin and call your local Poison Control Center. If you go to the doctor, take this bottle with you. Will not damage nylon, cotton, wool. May damage some synthetic fabrics, plastics, watch crystals, leather, painted or varnished surfaces. Wash treated clothing after use.

**DISPOSAL:** Do not reuse empty container. Wrap in newspaper and discard in trash.

**PRECAUTIONARY STATEMENTS**
Hazards to Humans
**CAUTION:** Causes moderate eye irritation. Avoid contact with eyes.

**First Aid**
In Eyes: Flush with plenty of water. Call a physician if irritation persists.

Made in the USA for Spectrum, Division of United Industries Corporation, P.O. Box 15842, St. Louis, MO 63114-0842

EPA Reg. No. 121- ___
EPA Est. No. 9688-MO-1

© 1997

page 1 of 1

[Bracketed Text] = Optional Language

# YALE DERMATOLOGY ASSOCIATES, P.C.

2 Church Street South, Suite 305    New Haven, Connecticut  06519
Tel: 203-789-1249                   Fax: 203-776-4122



DEFENDANT'S
EXHIBIT
____D____

May 27, 2004


Shelley Adkins
David N. Rosen
Counselor at Law P.C.
400 Orange Street
New Haven, CT  06511

RE:    Eileen Stoehr
       DOB: 03/15/1949

Dear Mr. Rosen,

    I am writing at your request regarding Mrs. Eileen Stoehr.  Mrs. Stoehr was first seen by me on July 27, 2000 at which time she reported that she applied Cutter insect repellent with SPF 15 sun-screen on May 6, 2000.  She reports that she became very ill with itching, burning and redness of the arms and legs.  The Cutter insect repellent product, according to the product label, contains N,N-diethyl-m-toluamide 9.5%, other isomers 0.5%, and inert ingredients 90.0%.  It also contains aloe vera and the sunscreen ingredients octyl methoxycinnamate 7.5% and oxybenzone 5.0%.  N,N-diethyl-m-toluamide (DEET) has been reported in the medical literature to sometimes cause irritant dermatitis.

    I am also writing at your request to confirm that the rate for testifying in court is $5,000.00 per day (There is no hourly rate for this.) and the rate for record review is $400.00 per hour.

Sincerely,

Suguru Imaeda, M.D.


Richard J. Antaya, M.D.    Jean L. Bolognia, M.D.    Michael Girardi, M.D.    Peter W. Heald, M.D.
Christina A. Herrick, M.D.    Suguru Imaeda, M.D.    Jeffrey S. Sobechman, M.D.    Robert E. Tigelaar, M.D.